**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CORY M. ZANGER,

        Plaintiff,                      Case Number: 05-CV-72300-DT

v.                                            JUDGE PAUL D. BORMAN
                                                  UNITED STATES DISTRICT COURT

GULF STREAM COACH, INC.,
a Foreign Corporation, and
GENERAL R.V. CENTER, INC.,
a Michigan Corporation,
GENERAL MOTORS CORPORATION,
a Delaware Corporation, Jointly and Severally,

        Defendants.
_____ /

**OPINION AND ORDER GRANTING DEFENDANT GULF STREAM COACH'S MOTION FOR PURSUANT TO FED. R. CIV. P. 56**

Now before the Court is Defendant Gulf Stream Coach, Inc.'s ("Gulf Stream") Motion for Dismissal and Motion for Summary Judgment. The Court held a hearing on November 9, 2005. Having considered the entire record, and for the reasons that follow, the Court GRANTS Gulf Stream's Motion for Summary Judgment.

**I.    FACTS**

In this action, Plaintiff Cory Zanger ("Plaintiff") brought suit on July 6, 2005 against Gulf Stream, General R.V. Center, Inc. ("General RV") and General Motors Corporation ("GM") (collectively "Defendants") based on the alleged breaches of warranty and contract and violations of state and federal statutes.

On August 10, 2004, GM filed a motion to dismiss under Federal Rule of Civil Procedure

12(b)(6), arguing that Plaintiff failed to state a claim for which relief can be granted on each of the seven (7) counts in Plaintiff's Complaint:[1]  In its Opinion and Order of October 24, 2005, the Court dismissed Counts IV, VI and VII of the Complaint in their entirety as applied to GM.  Additionally, Count II was dismissed to the extent that it was based on a breach of express warranty, and Count V was dismissed to the extent that it was based on fraud.  However, Counts I and III survived, as well as the remaining claims under Counts II and V.

On September 21, 2005, Gulf Stream filed the present Motion to Dismiss and Motion for Summary Judgment arguing failure to state a claim and failure to show the existence of a genuine issue as to any material fact, for each of the counts.  (Def.'s Mot. 20).  Plaintiff filed his response on October 10, 2005.  Gulf Stream filed its reply on October 25, 2005.

This controversy revolves around Cory Zanger's purchase of a new 2004 Gulf Stream Endura recreational vehicle ("motor home") from General RV.  (Compl. ¶ 5).  GM manufactured the chassis of the motor home while Gulf Stream manufactured the coach and final assembly.  (Def.'s Br. 1).  Plaintiff received Gulf Stream's Limited Warranty at the time of purchase of the motor home.  (*Id.*).  The relevant part of the warranty provided:

> This Limited Warranty covers only those defects which occur or exist within the period or periods referenced above and which are specifically identified to Gulf Stream Coach, Inc. in the manner specified in Section 3 of this Limited Warranty. All obligations of Gulf Stream pursuant to this Limited Warranty are limited to

---

[1]  Count I:    Breach of Warranty of Merchantability
Count 2:    Violation of the Magnuson-Moss Warranty Act
Count 3:    Breach of Warranty of Fitness
Count 4:    Revocation
Count 5:    Violation of the Michigan Consumer Protection Act
Count 6:    Negligent Repair
Count 7:    Breach of Express Warranty
(Compl. ¶¶ 18-68).

>replacing or repairing the defective part or component.
>**This Limited Warrant is expressly IN LIEU of any other express warranty and is further IN LIEU of any implied warranty, including, but not limited to, any implied WARRANTY OF MERCHANTABILITY or FITNESS for a particular purpose.**

(Def.'s Br., Ex. A) (emphasis in original).

After taking possession of the motor home, Plaintiff experienced various problems with both the chassis and coach of the vehicle. (Pl.'s Resp. 2).[2] Plaintiff subsequently took the vehicle in for repairs. (Compl. ¶ 11). Plaintiff's vehicle was unavailable to Plaintiff for a period up to 180 days. (Pl.'s Resp. 1). Plaintiff contends that Defendants were offered numerous attempts to cure these defects, but failed to do so. (Compl. ¶ 14). Plaintiff was not satisfied with the repairs that were made and notified Defendants that he desired to have them buy-back the vehicle. (*Id*. at ¶ 12-15). Defendants refused to buy-back the vehicle, resulting in this suit.

Gulf Stream moves to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Defendant also moves for Summary Judgment under Federal Rule of Civil Procedure 56. Defendant makes six (6) arguments: (1) the breach of express warranty claim should be dismissed because the Gulf Stream warranty was not an express warranty under the Michigan UCC, but a limited warranty (Def.'s Mot. 2-3); (2) it has not breached its implied warranties of merchantability or fitness because Michigan law requires privity of contract for that claim to be valid (*Id*. at 4-7); (3) Gulf Stream's warranty was a limited warranty, not an express warranty, so there was no privity between Plaintiff and Gulf Stream and therefore no violation of the Magnuson-Moss Warranty Act ("MMWA") (*Id*. at 9); (4) revocation

---

[2] Plaintiff misnumbered the pages in his Response. All references to pages in Plaintiff's Response refer to the "corrected" page number.

of acceptance is solely a remedy for breach of warranty, not an independent cause of action in the absence of a valid express or implied warranty (*Id*. at 9); (5) Plaintiff's Michigan Consumers Protection Act ("MCPA") claim fails because it is premised on breach of express or implied warranty and Plaintiff has no valid claim against Gulf Stream that it offered Plaintiff any express or implied warranties (*Id*. at 10); (6) Gulf Stream did not negligently repair the motor home because it never repaired it on any occasion.  (*Id*. at 11).

Plaintiff argues that Defendant's Motion to Dismiss and Motion for Summary Judgment must be denied.  First, Plaintiff argues that vertical privity is not required in Michigan to pursue a breach of warranty claim against a remote manufacturer. (Pl's Resp. 5).  Second, the warranty offered by Gulf Stream failed in its essential purpose because Gulf Stream did not repair Plaintiff's vehicle within a reasonable time.  (*Id*. at 7).  Third, Plaintiff states that because he has viable claims that Gulf Stream breached its express and implied warranties, there is a cause of action for a violation of the Magnuson-Moss Warranty Act. (*Id*. at 10-12).  Fourth, Plaintiff argues that he stated a valid claim for breach of implied warranties against Gulf Stream and therefore stated a valid claim under the MCPA.  (*Id*. at 13).  Plaintiff concedes that Gulf Stream is not liable on the revocation and negligent repair claims.  (*Id*. at 2, 17).

## II.  ANALYSIS

### A.  Standard of Review

A complaint brought under Federal Rule of Civil Procedure 12(b)(6) should not be dismissed for failure to state a claim, "unless it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts which would entitle him to relief."  *Hoover v. Ronwin*, 456 U.S. 558, 587, 104 S. Ct. 1989; 80 L. Ed. 2d 590 (1984).  For purposes of a motion to

dismiss, the pleadings and affidavits are viewed "in a light most favorable to the Plaintiff." *Niemi v. NHK Spring Co.*, 276 F. Supp. 2d 717 (E.D. Mich. 2003). All factual allegations and any inferences derived from those allegations must be accepted as true. *Cheriee Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). "If, on a [motion to dismiss] . . . , matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgement and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to represent all material made pertinent to such a motion by Rule 56. FED. R. CIV. P. 12(b).

Pursuant to Federal Rule of Civil Procedure 56, a party against whom a claim, counterclaim, or cross-claim is asserted may "at any time, move with or without supporting affidavits, for a summary judgment in the party's favor as to all or any part thereof." FED. R. CIV. P. 56(b). Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

> Of course, [the moving party] always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Id.* at 323; *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987).

A fact is "material" for purposes of a motion for summary judgment where proof of that fact "would have [the] effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984)

(quoting BLACK'S LAW DICTIONARY 881 (6th ed. 1979)) (citations omitted). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Conversely, where a reasonable jury could not find for the nonmoving party, there is no genuine issue of material fact for trial. *Id.*; *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993). In making this evaluation, the court must examine the evidence and draw all reasonable inferences in favor of the non-moving party. *Bender v. Southland Corp.*, 749 F.2d 1205, 1210-1211 (6th Cir. 1984).

If this burden is met by the moving party, the non-moving party's failure to make a showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," will mandate the entry of summary judgment. *Celotex*, 477 U.S. at 322-23. The non-moving party may not rest upon the mere allegations or denials of his pleadings, but the response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts which demonstrate that there is a genuine issue for trial. FED. R. CIV. P. 56(e). The rule requires that non-moving party to introduce "evidence of evidentiary quality" demonstrating the existence of a material fact. *Bailey v. Floyd County Bd. of Educ.*, 106 F.3d 135, 145 (6th Cir. 1997); *see also Anderson*, 477 U.S. at 252 (holding that the non-moving party must produce more than a scintilla of evidence to survive summary judgment). "'[C]onclusory' allegations unsupported by 'specific' evidence will be insufficient to establish a genuine issue of fact." *Id.* (citations omitted); *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 902 (1990).

"[T]he showing (whether as to standing or the merits) required to overcome a motion for summary judgment is more extensive than that required in the context of a motion to dismiss. *Id*. "The principal difference is that in the former context evidence is required, while in the latter setting

6

the litigant may rest upon the allegations of his complaint." *Id.* (citations omitted); *see* FED. R. CIV. P. 56(e) (requiring the "nonmoving party to go beyond the pleadings."). Because Gulf Stream relies upon evidence not included in the pleadings, the Court treats Gulf Stream's motion as a motion for summary judgment.

### B. Discussion

#### 1. Breach of Express Warranty (Count VII)

"Express warranty" is defined in Mich. Comp. Law section 440.2313 of the Uniform Commercial Code as follows:

> (1) Express warranties by the seller are created as follows:
> (a) An affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the good shall conform to the affirmation or promise
> (b) A description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.
> (c) A sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or mode.

M.C.L. § 440.2313(1).

Gulf Stream contends that the warranty accompanying the motor home was a "limited warranty" and not an "express warranty" as claimed by Plaintiff. Gulf Stream argues that the warranty is not an "express warranty" because it is limited to repairing or replacing defective parts during the limited warranty period. As a result of the limitations of the warranty, Gulf Stream asserts that the warranty does not fall into the area covered by Mich. Comp. Law section 440.2313.

Plaintiff argues that Gulf Stream breach its express warranty because the problems that were repaired under the warranty still exist. Additionally, Plaintiff argues that the warranty failed its essential purpose because the vehicle's aggregate repairs were not completed in a reasonable time

and, as a result, the benefit of the bargain regarding the warranty was lost. Plaintiff relies on *Computer Networks v. AM General Corp*, 265 Mich. App. 309 (2005) and *Kelynack v. Yamaha Motor Corp.,* 152 Mich. App. 105 (1986).

In *Computer Networks*, the court held that "where a limited express warranty fails of its essential purpose or deprives either party of the value of the bargain, the parties may pursue other remedies under the Uniform Commercial Code ("UCC")." *Computer Networks*, 265 Mich. App. at 314. The court ruled that the manufacturer has a reasonable, limited time to replace parts or make repairs. *Id*. at 54 (citing *Kelynack,* 152 Mich. at 112). To find unreasonableness, the court stated that it must look to the time it took to make each individual repair. *Id*.

In the instant case, the Court finds that Plaintiff's reliance on *Computer Networks* and *Kelynack v. Yamaha Motor Corp* is misplaced. Contrary to Plaintiff's argument, those cases stand for the proposition that the unreasonableness of repair or replacement of parts is measured by whether the time to perform the numerous, individual repairs is unreasonable, not the aggregate time a vehicle is being repaired. Plaintiff did not argue that any of the defects individually were repaired in an unreasonable amount of time. Plaintiff only argued that repairs took 180 days and that the loss of the use of a vehicle for such a substantial amount of days was unreasonable.

In *Gernhardt v. Winnebago Industries*, this Court held that limiting a warranty to a specified period of time for repair and replacement of defects "does not fit within the parameters of [Mich. Comp. Law section] 440.2313." *Gernhardt*, 2003 WL 23976324, *8-*9 (E.D. Mich. Dec. 30, 2003) (unpublished) (hereinafter "*Gernhardt I*"). A limited warranty does not meet the definition of an express warranty because by providing a sole exclusive remedy,[3] a limited warranty

---

[3] In this case, the sole exclusive remedy is repair and replacement of defects.

8

"does not constitute an affirmation of fact or promise to which the [vehicle] had to conform, a description of the vehicle, or a sample or model of the [vehicle]." *Gernhardt I*, 2003 WL 23976324 at *8 (citing *Rokicsak v. Colony Marine Sales and Servs., Inc.*, 219 F. Supp. 2d 810, 816 (E.D. Mich. 2002) (examined in light of Mich. Comp. Law section 440.2313)).

In the instant case, as in *Gernhardt I*, Gulf Stream's warranty only covers repair and replacement of defective parts or components. It does not constitute "an affirmation of fact or promise" relating to the motor home, "a description" of the motor home, or "a sample or model" of the motor home as an express warranty would under Mich. Comp. Law section 440.2313. *See Pack v. Damon Corp.*, 2004 US Dist LEXIS 17960, *5-*7 (E.D. Mich. August 23, 2004) (Steeh, G) (unpublished). Consequently, the Court grants Gulf Stream's Motion for Summary Judgment with respect to Plaintiff's breach of express warranty claim.

### 2. **Breach of Implied Warranty of Merchantability and Fitness** (Counts I & III)

The Michigan UCC describes the implied warranty of merchantability:

> (1) Unless excluded or modified (section 2316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind

M.C.L. § 440.2314(1).

Gulf Stream seeks dismissal of Plaintiff's breach of implied warranty claims arguing that it is not a "seller" under Mich. Comp. Law section 440.2314(1) because it did not have direct contact with the Plaintiff and lacks privity with Plaintiff. Gulf Stream contends it is the manufacturer of the motor home but had no role in the sale of the motor home to Plaintiff. Thus, Gulf Stream argues that there is no contract for the sale of the vehicle between Plaintiff and Gulf Stream and therefore no privity exists. Plaintiff rebuts by arguing that privity is no longer required in Michigan in an implied

9

warranty claim against a remote manufacturer.

### a. Privity Issue

As stated by this Court in *Zanger v. Gulf Stream*, 2005 WL 2769007 (E.D. Mich. Oct. 25, 2005) (unpublished) (hereinafter "*Zanger I*"), there is a split of opinion on the issue of the existence of a privity requirement for a remote manufacturer under Michigan law. Gulf Stream argues that this Court, in *Gernhardt I*, held that contractual privity is necessary under Michigan law in order for a consumer to bring an implied warranty claim against a remote manufacturer. While the holding of *Gernhardt I* is correctly stated, this Court in *Zanger I* held that privity is not required in an implied warranty claim against a remote manufacturer. The Court takes note of the *Gernhardt I* decision but concludes that "vertical privity no longer is required in Michigan to pursue a breach of implied warranty claim against a remote manufacturer."[4] *Zanger I,* 2005 WL 2769007 at *5 (citing *Michels*, 298 F. Supp. 2d at 650. Because Plaintiff does not need privity to bring a claim of breach of implied warranty of merchantability, Plaintiff's claim survives.

The Michigan UCC describes the implied warranty of fitness:

> Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose.

---

[4] In a second *Gernhardt* decision, *Gernhardt v. Winnebago*, 2005 WL 2562783 (E.D. Mich. October 12, 2005) (unpublished) (hereinafter "*Gernhardt II*"), this Court reconsidered and amended its decision in *Gernhardt I*, holding that privity is no longer required.
> After taking into consideration recent case law decided after this Court issued its December 30, 2003 Order, the Court has decided to reverse its previous ruling and instead hold that vertical privity is not required to reach a remote manufacturer in a breach of implied warranty claim under Michigan law. This holding concurs with more recent opinions of other judges in this courthouse.

*Gernhardt*, 2005 WL 2562783 at *6.

M.C.L. § 440.2315. As with the implied warranty of merchantability and for the same reasons, privity of contract is not required for a consumer to recover on an implied warranty of fitness claim.

### b. *Disclaimed Implied Warranty Issue*

Gulf Stream argues that even if the Court finds that privity is no longer required, Plaintiff's implied warranty claims should still be dismissed because Gulf Stream legally disclaimed all implied warranties. Michigan Compiled Laws section 440.2316(2) provides:

> Subject to subsection (3), to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and incase of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous. Language to exclude all implied warranties of fitness is sufficient if it states, for example, that 'There are no warranties which extend beyond the description on the face hereof.'

"There is no dispute that a seller may disclaim implied warranties under Michigan law as long as the disclaimer is conspicuous." *Parsley v. Monaco Coach Co.*, 327 F. Supp. 2d 797, 800 (E.D. Mich. 2004) (citing M.C.L. § 440.2316(2)); *Michigan Dessert Corp., v. A.E. Staley Manf. Co.*, 23 Fed. Appx. 330 (6th Cir. 2001) (unpublished). A term or clause is conspicuous under Michigan Complied Law section 440.1201(10) "when it is so written that a reasonable person against whom it is to operate ought to have noticed it. A printed heading in capitals is conspicuous. Language in the body of a form is 'conspicuous' if it is in larger or other contrasting type or color. . . ." The court determines whether a term or clause is conspicuous or not. (*Id*.).

In *Watson v. Damon Corp*., 2002 WL 32059736 (W.D. Mich. Dec. 17, 2002) (Quist, G) (unpublished), the court tackled a similar issue dealing with motor homes. On the breach of implied warranties of merchantability and fitness issue, the *Watson* court found that the dealer properly disclaimed its express and implied warranties but the coach and chassis companies did not. The dealer's warranty stated that, "THE DEALER HEREBY DISCLAIMS, TO THE APPLICABLE

11

STATE LAW, ALL WARRANTIES EXPRESSED OR IMPLIED INCLUDING ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE." *Watson*, 2002 WL 32059736 at *4. The court held that because the disclaimed warranties of merchantability and fitness were entirely capitalized and in writing, the disclaimer was conspicuous. *Id*. at *14. The coach and chassis companies did not attempt to disclaim their warranties. *Id.* at *15-*17.

In *Ducharme v. A & S RV Center, Inc.*, 321 F. Supp. 2d 843 (E.D. Mich. 2004), another case dealing with motor home manufacturers, the dealer, the engine manufacturer and the chassis company all disclaimed express and implied warranties in their respective limited warranties. However, the dealer was the only party to argue that it properly disclaimed all warranties, express and implied. *Id*. at 852. The court found that the dealer's warranty was in writing and conspicuous because "the notice to purchasers of warranties is written in all capital letters in contrasting color . . . [and] the disclaimer of the warranty of merchantability is capitalized and in bold print." *Id*.

In the instant case, Gulf Stream has disclaimed all implied warranties. The warranty states:

All obligations of Gulf Stream pursuant to this Limited Warranty are limited to replacing or repairing the defective part or component.

**This Limited Warrant is expressly IN LIEU of any other express warranty and is further IN LIEU of any implied warranty, including, but not limited to, any implied WARRANTY OF MERCHANTABILITY or FITNESS for a particular purpose.**

(Def.'s Br., Ex. A) (emphasis in original). The relevant portion is completely in bold with key words and phrases in capitals. A reasonable person reading the warranty would notice this disclaimer. Therefore, the Court finds that this portion of the warranty is conspicuous.

Though Plaintiff does not need privity to bring a claim of breach of implied warranty of

12

fitness, the Court finds that Plaintiff properly disclaimed all warranties, express and implied. Accordingly, the Court grants Gulf Stream's Motion for Summary Judgment on both breach of implied warranty claims.

### 3. **Revocation** (Count IV)

Gulf Stream argues that revocation is not available against a remote manufacturer who is not in privity with the plaintiff. Plaintiff concedes that he does not have a revocation claim against Gulf Stream. As a result, the Court grants Gulf Stream's Motion to Dismiss Plaintiff's revocation claim.

### 4. **Violation of the Magnuson-Moss Warranty Act** (Count II)

Plaintiff's Magnuson-Moss Warranty Act ("MMWA") claim is actually two separate claims. The first is a claim for refund or replacement under section 2304(a) of the Act. The second is for breach of implied warranty under the Act.

#### *a.    Section 2304(a)*

Gulf Stream argues that they are not a "warrantor" under the MMWA. Gulf Stream asserts that section 2304(a) of the Act does not apply to it because Gulf Stream did not provide any express written warranties. Gulf Stream contends that its limited warranty was not an "express" warranty as defined in the statute. Though difficult to decipher between Plaintiff's MMWA express warranty claims and his MMWA implied warranty claims, Plaintiff appears to restate his earlier argument that because the warranty is a viable express warranty, he has a claim under the Act. Plaintiff cites to portions of the MMWA but no case law in support of his position.

The MMWA provides a private right of action to a consumer against a manufacturer who does not comply with its written or implied warranty. 15 U.S.C. § 2310. "Only to the extent that Magnuson-Moss is applicable to the sale of consumer goods does it supercede inconsistent

provisions of the UCC." *Source v. Naperville Jeep Eagle*, 722 N.E.2d 227, 234 (Ill. App. 1999) (citing *Murphy v. Mallard Coach Co.*, 179 A.D.2d 187 (NY 1992)).  If the written warranty does not meet the requirement of the MMWA, then it must meet the requirements of the UCC.  *Source*, 722 N.E.2d at 234.  The MMWA breaks down express warranties into two categories: "full" and "limited."  15 U.S.C. § 2303(a).  To be classified as "full," a warranty must meet the minimum definition of "full warranty" under the Act. 15 U.S.C. § 2303(a).  If the warranty does not meet the definition of "full warranty," then the warranty, for purposes of the Act, is a "limited warranty." 15 U.S.C. § 2303(a).  The minimum standards for a "full warranty" are:

> (a) Remedies under written warranty; duration of implied warranty; exclusion or limitation on consequential damages for breach of written or implied warranty; election of refund or replacement. In order for a warrantor warranting a consumer product by means of a written warranty to meet the Federal minimum standards for warranty–
>
> > (1) such warrantor must as a minimum remedy such consumer product within a reasonable time and without charge, in the case of a defect, malfunction, or failure to conform with such written warranty;
> >
> > (2) notwithstanding section 108(b) [15 USCS § 2308(b)], such warrantor **may not impose any limitation on the duration of any implied warranty on the product**;
> >
> > (3) such warrantor may not exclude or limit consequential damages for breach of any written or implied warranty on such product, unless such exclusion or limitation conspicuously appears on the face of the warranty; and
> >
> > (4) if the product (or component part thereof) contains a defect or malfunction after a reasonable number of attempts by the warrantor to remedy defects or malfunctions in such product, such warrantor must permit the consumer to elect either a refund for, or replacement without charge of, such product or part (as the case may be).

15 U.S.C. § 2304(a) (emphasis added).  In the instant case, the Gulf Stream warranty does not meet

the minimum standard because it limits the duration of the implied warranty for the motor home.[5] Therefore, the MMWA does not cover the written warranty. Since the MMWA does not apply, the Court next looks to the Michigan UCC definition of an express warranty. Based upon the discussion of express warranties above, the Court grants Gulf Stream's Motion for Summary Judgment on Plaintiff's MMWA § 2304 claim.

### *b. Implied Warranty*

Gulf Stream argues that because Plaintiff has failed to state a claim for a breach of the implied warranties of merchantability and fitness, they also have failed to state a claim for breach of implied warranties under the MMWA.

Section 2301(7) of the Act defines an implied warranty as "an implied warranty arising under State law . . . ." Though the Court finds that vertical privity is no longer required under Michigan law to pursue a breach of implied warranty claim, as mentioned above, Gulf Stream properly disclaimed all implied warranties. Accordingly, the Court grants Gulf Stream's Motion for Summary Judgment on Plaintiff's MMWA claim based on a breach of implied warranties.

**5.     Violation of the Michigan Consumer Protection Act ("MCPA")** (Count V)

Gulf Stream alleges that Plaintiff cannot assert a warranty-based violation of the MCPA against a remote manufacturer where there is no breach of an express or implied warranty. Gulf Stream contends that all of Plaintiff's MCPA claims are warranty-based. Gulf Stream argues that

---

[5] The Limited Warranty covers defects which occur for two (2) years or 24,000 miles, whichever comes first, regarding structural defects in the floor, walls and roof. The Warranty also covers defects for one (1) year or 12,000 miles, whichever comes first, for defects in materials and/or workmanship in the construct of the vehicle and its original components. (Def.'s Br., Ex. A)

Plaintiff's MCPA claim should be dismissed because there are no express or implied warranties running between Plaintiff and Gulf Stream. Further, Gulf Stream avers that Plaintiff failed to state in his Complaint any specific actions taken by Gulf Stream which violated the MCPA. Plaintiff responds by stating that since he has a valid claim for breach if implied warranties, he also has a valid claim under the MCPA. Plaintiff also argues that he does not need to prove a transaction between the parties for Gulf Stream's conduct to fall under the MCPA. Plaintiff contends that a MCPA claim does not need to be predicated on proof of fraud or breach of warranty.

The majority of all MCPA claims involve charges of fraud. *Parsley v. Monaco Coach Corp*, 327 F. Supp. 2d 797, 807 (W.D. Mich. 2004). "It is proper to construe the provision of the MCPA 'with reference to the common-law tort of fraud.'" *Zine v. Chrysler Corp.*, 600 N.W.2d 384, 398 (Mich. App. 1999). Furthermore, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." *Michels*, 298 F. Supp. 2d at 650 (citing Federal Rule of Civil Procedure 9(b)). It is not clear whether Plaintiff is alleging a claim under the MCPA for fraud,[6] though it appears that Plaintiff is only referring to the general language of the MCPA.

In addition to fraud, a breach of implied warranties also violates the MCPA. *Mikos v. Chrysler Corp*, 158 Mich. App. 781 (1987). As stated above, Gulf Stream has disclaimed all

---

[6] Plaintiff alleges that it is: "at least a jury question whether Defendants sold Plaintiff' a unit that contained so many defects while representing it to be defect-free and then failing to repair the problems"; "at least disputed (and therefore a question for the jury) whether the chassis defects should have been covered by warranty, since it appears [Gulf Stream] sold Defendant's General and Plaintiff a unit with numerous problems such that Exhibit 1[(the motor home service receipts)] reveals this to be the case"; and "it is a factual issue whether Defendant sold the until with manufacturer-related defects. They [sic] fact that the problems occurred so soon, states these problems came from the [Gulf Stream] factory." (Pl.'s Resp. 13).

implied warranties. Therefore, Plaintiff does not have a breach of implied warranties claim under the MCPA.

Further, Plaintiff alleges that Gulf Stream engaged in numerous acts or practices prohibited by the MCPA that were independent of any allegation of common law fraud or breach of warranty. Plaintiff cites *Mayhall v. A.H. Pond Co.*, 129 Mich App. 178 (1983) to support his argument. In *Mayhall*, the issue before the court was whether a plaintiff who suffers only frustrated expectation without also suffering a loss momentarily, suffered a loss compensable under the MCPA. The court ruled that "the great majority of the specific prohibited practice enumerated in the statute . . involve fraud." *Id.* at 182. However, the court held that "[t]he MCPA . . . has a somewhat broader scope. It prohibits not only 'deceptive' business practices, but also those which are 'unfair' and 'unconscionable.'" *Id.* Plaintiff further relies on *Peters v. Cars To Go, Inc.*, 1999 WL 33502378 (W.D. Mich. Mar. 17, 1999) (unpublished), which dealt with whether a Truth in Lending Act violation rose to the level of common law fraud. *Id.* The court, based on *Mayhall*, found that "[p]laintiffs need not prove fraud in order to show that [d]efendant violated the MCPA. While the *Mayhall* court did find that the legal principle applicable to the common law tort of fraud may provide guidance in interpreting the MCPA, it also found that conduct not amounting to fraud may support a violation of the MCPA." *Id.* at *2. Thus, on the facts of the case, the *Cars* court found that the alleged Truth in Lending Act violations supported a claim of the MCPA, even though they did not rise to the level of common law fraud. *Id.*

Though Plaintiff mainly relies on *Mayhall* and *Cars* to support his argument that he can bring a claim under the MCPA that does not rise to the level of common law fraud, those cases are not binding on this Court. Further, the only conduct Plaintiff claims with specificity are that Gulf

Stream's disclaimer of warranties could be confusing[7] and that the Gulf Stream failed to follow its warranty which "plainly promises the benefit of repairs at no charge within the stated time and mileage parameters." Regarding the alleged confusing warranty disclaimer, while "probability" in Mich. Comp. Law section 445.903(a) and (n) might denote an objective standard, *Daenzer v. Wayland Ford, Inc.*, 2002 WL 1050209 (E.D. Mich. May 7, 2002) (unpublished), the Court finds that a reasonable person would not be mislead or confused by the disclaimer. In regard to the failure to provide promised benefits claim, Plaintiff's allegations are ambiguous and do not allege that Gulf Stream refused to repair each problem with the motor home during the warranty period as stated in the warranty. Further, Gulf Stream denies that it ever repaired the motor home and Plaintiff has not provided proof that Gulf Stream itself performed the repairs.

Additionally, although Plaintiff asserts a claim under the MCPA independent of fraud or breach of implied warranty, there is not a single published opinion on point. Plaintiff does not provide nor can this Court locate precedential case law supporting a claim under the MCPA when a dealer, who promises to repair each problem in good faith, attempts to repair without success.

Accordingly, the Court grants Gulf Stream's Motion for Summary Judgment to the extent Plaintiff alleges a claim under the MCPA independent of fraud and breach of implied warranties.

      **6.**    **Negligent Repair** (Count VI)

Gulf Stream argues that Plaintiff failed to allege a harm that was separate and distinct from the duties imposed by the contract at issue. Gulf Stream further argues that it never repaired the

---

[7] Plaintiff claims that "[a] reasonable person reading Defendant's Warranty could be confused or misunderstand that the term "IN LIEU" is not being used in its ordinary sense, whatever that is and Defendant went to great lengths to write and ambiguous disclaimer." (Pl.'s Resp. 11).

motor home on any occasion. Plaintiff concedes that he does not have a negligent repair claim against Gulf Stream. As a result, the Court grants Gulf Stream's Motion for Summary Judgment on Plaintiff's negligent repair claim.

### III.     CONCLUSION

For the reasons stated above, the Court GRANTS Gulf Stream's Motion for Summary Judgment in its entirety.

**SO ORDERED.**


                                        s/Paul D. Borman
                                        PAUL D. BORMAN
                                        UNITED STATES DISTRICT JUDGE

Dated: November 28, 2005

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on November 28, 2005.


                                        s/Jonie Parker
                                        Case Manager